UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

REGINALD UPSHAW,

Plaintiff,

v.

NANCY JONES NORMAN, MICK SOMMER, MARK PETERSON, BRUCE HATTON, NICOLE SHEA, SGT. R. KREYER, and SGT. LYNN FRIDLEY,

Defendants.

Civil No. 00-1590 (JRT/SRN)

REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Anoka County Jail in Anoka, Minnesota, has filed a "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) He did not pay the $150 filing fee that is required in federal civil cases, (28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.) Plaintiff's pleading and IFP application are now properly before the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's pleading fails to state any claim on which relief can be granted. It is therefore recommended that Plaintiff's IFP application be denied, and that the action be summarily dismissed.

## I. BACKGROUND

Although Plaintiff's pleading is very difficult to decipher, it appears that he has been indicted for first degree murder, and that he is presently being held, while awaiting trial, in the Anoka County Jail. This can be inferred from the following: (a) the complaint clearly refers

FILED JUL 11 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

to a "first degree murder indictment," (b) there is no indication that the indictment has been dismissed, or that Plaintiff has been adjudicated not guilty of the charges in the indictment, (c) there is no indication that Plaintiff has been convicted on any criminal charge against him, and (d) Plaintiff's IFP application shows that he was incarcerated in the Anoka County Jail when he commenced this action.

It further appears that Plaintiff's claims are based on events that occurred during the course of the grand jury proceedings that produced his indictment, as well as events that occurred during the criminal investigation that preceded his indictment. Plaintiff is attempting to sue Defendant Nicole Shea for making "numerous perjuried [sic] statements to investigators, and in front of [the] grand jury to help insure a first degree murder indictment." A similar claim is asserted against Defendant Sgt. Lynn Fridley. Plaintiff is attempting to sue Defendants Mark Peterson, Bruce Hatton, and Sgt. Kreyer, for allegedly conspiring to withhold and conceal evidence (presumably of an exculpatory nature). Plaintiff's claims against Defendants Mike Sommer and Assistant Anoka County Attorney Nancy Jones Norman are also related to the investigation and grand jury proceedings, although the exact nature of their alleged wrongdoing is not readily discernible.[1]

---

[1] Plaintiff's claim against Defendant Sommer, repeated verbatim, is as follows:

"Lead Investigator Mike Somner made state to the grand jury Dec. 8&9 that I hadn't used any drugs on the day that I had taken made statement also in multiple reports, stated that I admitted that I we were having an arguement [sic] and I became angry and struck her in the forehead also by turning the crime scene of to Nicole Shea on Oct 21 without first notifying the defence [sic] help destroy evidence also did all this with a search warrant from Oct 18 8:00 pp [sic] to Oct. 19 around 300 pm."

Plaintiff's "statement of claim" against Defendant Norman reads as follows:

Defendants Fridley, Peterson, Hatton, Kreyer, Sommer, and Norman allegedly are law enforcement officials, while Defendant Nicole Shea is identified as a "star witness."

The caption of Plaintiff's complaint indicates that he is bringing this action under 42 U.S.C. § 1983, which means that he is seeking relief for some alleged violation(s) of his federal constitutional rights. Jones v. U.S., 16 F.3d 979, 981 (8th Cir. 1994) (section 1983 "provides a means through which a claimant may seek a remedy in federal court for a constitutional tort when one is aggrieved by the act of a person acting under color of state law"); Wilson v. Spain, 209 F.3d 713, 715 (8th Cir. 2000) ("[s]ection 1983 does not confer substantive rights but merely provides a means to vindicate rights conferred by the Constitution or laws of the United States"). Although the complaint does not describe any harm or injury caused to him by any of the named Defendants, Plaintiff is seeking a damage award in the amount of $10,000 against each one of them. Plaintiff also requests that Defendant Norman's "law licence... be revoked," and that the remaining defendants who are law enforcement officials be "fired." Finally, he seeks the return of certain personal property from Defendant Shea.

---

"Nancy Jones Norman Anoka Co Asst Attorney, Between Oct 18 99- Jun 8. Help to conceal and conspired to manufacture evidence. On Dec. 8 - 00 By ask Nicole Shea had she scene [sic] hair oil in upstairs or downstairs bathroom, by also making statement to the grand jury that I admitted to having a arguement [sic] and became angry. Also by agreeing to allow the crime scene to be turned of to Nicole Shea help to destroy evidence. Also allowed statements about toothbrush, hair oil, underwear socks, clothing of Oct 3rd to be made into evidence, when Oct 12-21 -00 was acually [sic] when the testimony should have been talked about. In photos of crime scene the a toothbrush, speedstick deodorant, socks, underwear which Ms Norman concealed."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from various governmental employees, his pleading must be screened in accordance with the procedures prescribed by 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1). Here, the action must be dismissed in its entirety pursuant to § 1915A(b)(1), because Plaintiff has failed to state any claim on which relief can be granted.

Plaintiff's action is barred under the principles discussed by the Supreme Court in Preiser v. Rodriguez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994). In both of those cases, the Court held that a person who is in state custody cannot challenge the propriety of his or her confinement in a federal civil rights action. Habeas corpus is the exclusive federal remedy for a person who believes that he or she is wrongly incarcerated. Heck, 512 U.S. at 481, citing Preiser, 411 U.S. at 488-490; see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).[2] Even when a prisoner-plaintiff demands only

---

[2] An unconvicted state detainee, (which Plaintiff apparently is), can seek federal habeas relief before the entry of a final state court judgment of conviction under 28 U.S.C. § 2241. Hirsch v. Smitley, 66 F.Supp.2d 985, 986 (E.D.Wis. 1999) ("[p]re-judgment habeas relief is available... under 28 U.S.C. § 2241"); Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir.) ("district court had jurisdiction, under 28 U.S.C. § 2241, to issue [a]

---

pretrial writ of habeas corpus"), cert. denied, 449 U.S. 1014 (1980); Woodard v. Plummer, No. C 98-0040 CRB (PR), (N.D.Cal. 1998), 1998 WL 30092 at *1 ("[a] pretrial detainee not yet convicted pursuant to a state court judgment may seek a writ of habeas corpus under 28 U.S.C. § 2241(c)(3)"). Plaintiff, however, is not presently eligible for habeas corpus relief, because he has not yet given the state courts an adequate opportunity to examine the allegedly unconstitutional actions on which his current claims are based.

Although § 2241 does not include a statutory exhaustion requirement comparable to that found at § 2254(b), federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas corpus relief under § 2241. Hirsch, 66 F.Supp.2d at 986 ("'[w]hile not explicitly required by § 2241(c)(3), the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial petitions'"), quoting Blanck v. Waukesha County, 48 F.Supp.2d 859, 860 (E.D.Wis. 1999); Moore v. DeYoung, 515 F.2d 437, 442 (3rd Cir. 1975) ("28 U.S.C. § 2241(c)(3), which empowers district courts to issue the writ before judgment is rendered in a criminal proceeding, makes no reference to exhaustion. In this area, an exhaustion requirement has developed through decisional law, applying principles of federalism."); Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979) ("In the interests of comity between federal and state courts, the doctrine of exhaustion of state remedies has developed. It applies to pre-trial, as well as post-trial, habeas corpus petitions."), cert. denied, 446 U.S. 908 (1980). See also Davis v. Mueller, 643 F.2d 521, 525 (8th Cir.) (noting that the availability of federal habeas relief while state court proceedings are still pending is limited by the "'notion of comity'" and "the proper respect for state functions"), cert. denied, 454 U.S. 892 (1981).

Ordinarily, a state detainee must await the entry of a final state court judgment in order to satisfy the exhaustion of state remedies requirement and qualify for federal habeas corpus review. "'Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.'" Sacco v. Falke, 649 F.2d 634, 636 (8th Cir. 1981), quoting Wingo v. Ciccone, 507 F.2d 354, 357 (8th Cir. 1974). See also Woodard, 1998 WL 30092 at *1 ("[s]ection 2241 does not require exhaustion of state judicial remedies; however, principles of federalism and comity require that this [federal] court abstain until all state criminal proceedings are completed and petitioner exhausts available state judicial remedies, unless petitioner can show that extraordinary circumstances warrant federal intervention prior to a state criminal trial"); Carden, 626 F.2d at 83-84 (federal courts will not interfere in state criminal proceedings before they become final except in "unusual," "extraordinary" or "special" circumstances).

Plaintiff has not identified any extraordinary circumstances that would allow a federal court to review the constitutionality of his present detention, before his

money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483.

In the instant case, it appears that Plaintiff has not yet been found guilty of any criminal offense, and thus he cannot be said to be challenging the validity of any conviction or sentence at this time. The absence of a conviction, however, does not make Heck inapplicable. Several federal circuit courts have considered whether an unconvicted detainee (such as Plaintiff) can pursue a civil rights action for constitutional misconduct that has allegedly occurred during the course of a criminal prosecution that is still pending. All of those courts have concluded that the principles discussed in Heck are fully applicable to all criminal defendants -- including those who have yet to be convicted. Smith v. Holtz, 87 F.3d 108, 113 (3rd Cir.) ("[i]n terms of the conflicts that Heck sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter"), cert. denied, 519 U.S. 1041 (1996); Covington v. City of New York, 171 F.3d 117, 124 (2nd Cir.) ("[i]t is true that Heck did not directly address the issue of the accrual of claims that, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal proceeding. However, we agree with the Third Circuit that the reasoning in Heck is applicable to such a case"), cert. denied, 120 S.Ct. 363 (1999); Shamaeizadeh v. Cunigan, 182 F.3d 391, 398 (6th Cir.) ("[w]e agree with the reasoning of the Third Circuit in Smith that the concerns of Heck apply pre-conviction as

---

constitutional claims have been fully and fairly presented to the state courts. Therefore, his present civil rights complaint should not be construed as a § 2241 habeas corpus petition and entertained as such.

well as post-conviction"), cert. denied, 120 S.Ct. 531 (1999); Antonelli v. Foster, 104 F.3d 899, 900 (7th Cir.) (pointing out that several circuits have found Heck's principles to be applicable "to a case in which the confinement of which the plaintiff is complaining is preconviction") (citations omitted), cert. denied, 522 U.S. 834 (1997).

Based on the above-cited cases, the Court finds that Heck's principles are applicable here, even though Plaintiff has not been convicted of any crime, (as far as the Court can tell from his submissions of record). Thus, the Court must consider whether a judgment in Plaintiff's favor in his present civil rights lawsuit would undermine the state criminal charges pending against him. In other words, if Plaintiff were to succeed in this case, would the state criminal prosecution be adversely affected?

The Court is easily satisfied that a judgment in Plaintiff's favor in this case would indeed undermine the state's criminal case against him. Plaintiff is presently claiming that various witnesses committed perjury at his grand jury proceedings, that the police have conspired to manufacture incriminating evidence and withhold exculpatory evidence, and that an assistant county attorney presented false evidence to the grand jury that indicted him. If these claims were sustained here, the state's criminal case against Plaintiff obviously would be jeopardized. Therefore, pursuant to Heck, Plaintiff cannot be permitted to pursue his current claims in a federal civil rights action at this time. If the state's criminal prosecution against Plaintiff fails, (i.e., if the charges against him are voluntarily or involuntarily dismissed, if he is found not guilty, or if any conviction that he may sustain is later overturned), he might then be able to pursue a federal civil rights action. According to Heck, however, his present action is simply premature.

Furthermore, even if Heck were not directly applicable to pre-trial detainees, the Court would still have to heed the "longstanding public policy against federal interference with state court proceedings." Younger v. Harris, 401 U.S. 37, 43 (1971). That policy requires federal courts to abstain from entertaining civil actions that could clash with a pending state criminal case. Id; Coley v. Clinton, 635 F.2d 1364, 1370 (8th Cir. 1980) ("the doctrine of Younger v. Harris... restricts federal court interference with pending state court criminal proceedings"). The Court noted in Heck that "if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal or state habeas action, abstention may be an appropriate response to the parallel state court proceedings." 512 U.S. at 487-88, n. 8.

"In Younger the Supreme Court held that Federal abstention is appropriate when Federal injunctive or declaratory relief has been sought against a pending State criminal prosecution, except upon a showing of special circumstances that would result in great and immediate irreparable harm to the Federal plaintiff." Walker v. Wegner, 624 F.2d 60, 62 (8th Cir. 1980). Even where a plaintiff is seeking only money damages, (and not declaratory or injunctive relief), our Court of Appeals has indicated that federal courts should abstain from acting until related state criminal proceedings have "run their course." McCurry v. Allen, 606 F.2d 795, 799 (8th Cir. 1979), rev'd on other grounds, 449 U.S. 90 (1980). See also, Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) (abstention appropriate where plaintiff seeking money damages could litigate alleged constitutional rights violation in ongoing state criminal proceedings).

The Court finds Younger's abstention principles to be applicable here. If Plaintiff's civil rights claims were to be entertained in our Court at this time, this action would pose a continuing threat to the orderly completion of his state criminal case. The Court views the mere existence of Plaintiff's present lawsuit as an unacceptable interference with a pending state court matter. For this additional reason, the Court concludes that Plaintiff should not be permitted to bring his § 1983 action at this time.[3]

## III. CONCLUSION

In sum, the relief Plaintiff is seeking in this case is not presently available, because a judgment in his favor would necessarily call into question the lawfulness of his pending state criminal proceedings. According to Heck v. Humphrey, Plaintiff cannot pursue a § 1983 action, for violations of his constitutional rights that allegedly occurred during the course of his state criminal case, until after that case has been terminated in his favor. Thus, the Court concludes that Plaintiff has failed to state a claim on which relief can be granted, and that the present action should be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It will be recommended that the action be dismissed without prejudice, however, so that Plaintiff will be able to bring his civil rights claims back to federal court if his pending criminal case is

---

[3] It is not entirely clear whether Younger abstention principles would require outright dismissal of this action, or merely that the action be stayed until after the state criminal case is completed. See Warmus v. Melahn, 110 F.3d 566, 567-68 (8th Cir. 1997) (discussing the stay versus dismissal issue). That question need not be resolved here, however, because Heck -- on which the Court primarily relies in this matter -- clearly requires dismissal. Sheldon, 83 F.3d at 234 ("federal courts should no longer stay prematurely filed § 1983 lawsuits, [citation omitted], but should dismiss them without prejudice instead"), citing Heck, 512 U.S. at 499 (Souter, J., concurring).

terminated without a surviving conviction.[4]

Finally, based on the Court's recommendation that this action be dismissed, it is further recommended that Plaintiff's IFP application be denied. Notwithstanding the dismissal of this action, Plaintiff will remain liable for the full amount of the statutory filing fee. See 28 U.S.C. § 1915(b).[5]

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. This action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b);

2. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**; and

---

[4] Even if Plaintiff's criminal case is terminated without any surviving conviction, he will doubtlessly be unable to sue Assistant County Attorney Nancy Jones Norman, because she will be fully immune from any claim based on actions she has taken while performing her duties as a prosecutor. Imbler v. Pachtman, 424 U.S. 409, 427-428 (1976).

[5] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

3. Plaintiff be required to pay the unpaid balance of the Court filing fee in accordance with 28 U.S.C. § 1915(b)(2).

Dated: July 11, 2000

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.