UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

REGINALD UPSHAW, Civil No. 00-1590 (JRT/SRN)

Plaintiff,

v.

NANCY JANE NORMON,
MIKE SOMMER,
MARK PETERSON,
BRUCE HATTON,
NICOLE SHEA, and
SGT. R. KREYER,

Defendants.

**ORDER**

---

Plaintiff, who is apparently incarcerated in the Anoka County Jail pending criminal charges of an unspecified nature, brings this action pursuant to 42 U.S.C. § 1983 contending that various individuals involved in an investigation of first degree murder and burglary charges against him gave perjured testimony before the grand jury and concealed evidence. The Magistrate Judge recommends that this action be dismissed without prejudice under the principles of *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), in which the Supreme Court held that a prisoner cannot recover damages under § 1983 for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, and *Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996), in which the Third Circuit

FILED OCT 11 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

extended *Heck* to bar claims by prisoners awaiting trial. The Magistrate Judge found that plaintiff's case should be dismissed without prejudice so that he may be able to re-file in the event that his pending criminal case is terminated without a surviving conviction.

The Court agrees with the Magistrate Judge that *Heck* and *Smith* would bar plaintiff's § 1983 claim at this time if the charges pending against plaintiff arise from or are related to the investigation and grand jury proceedings that are the subject of his complaint. In his objections, however, plaintiff for the first time informs the Court that "one of the case" against him was dismissed on June 30, 2000. Specifically, plaintiff states:

> One of the case was voluntarily dismissed on June 30, 2000. Which is were most of my complaint stems from. A 1st degree murder while commetting burglary. There never was a burglary, the never was probable cause. Case was dismissed, prosecution feels she can't prove be on a reasonable dought.

On the next page, however, plaintiff asks that this § 1983 case be stayed "until the durration or out come of pending state charges." The envelope in which plaintiff submitted his objections also bears the return address of the Anoka County Jail. It is thus apparent that plaintiff is still in custody awaiting the resolution of some criminal charge or charges against him. It appears to the Court that the burglary charge against plaintiff may have been dismissed, but that he is still charged with murder. Plaintiff's objections are not very clear on this point, however. Before ruling on plaintiff's objections, therefore, the Court will grant plaintiff ten days in which to write a letter to the Court stating: (1) what charges were brought against him as a result of the investigation and grand jury proceedings described in his complaint; (2) what charge or charges were

dismissed on June 30, 2000; (3) what charge or charges are still pending against him; and (4) whether the pending charge or charges are the result of the same investigation and grand jury proceedings described in his complaint. If plaintiff chooses not to submit a letter, the Court will dismiss this case without prejudice for the reasons set forth in the Report and Recommendation.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that, within ten (10) days of receipt of this Order, plaintiff may file a letter with the Court stating:

1. What charges were brought against plaintiff as a result of the investigation and grand jury proceedings described in plaintiff's complaint;

2. What charge or charges were dismissed on June 30, 2000;

3. What charge or charges are still pending against plaintiff; and

4. Whether the pending charge or charges are the result of the same investigation and grand jury proceedings described in plaintiff's complaint.

DATED: October 11, 2000
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge