**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

REGINALD UPSHAW, Civil No. 00-1590 (JRT/SRN)

Plaintiff,

v.

NANCY JANE NORMON,
MIKE SOMMER,
MARK PETERSON,
BRUCE HATTON,
NICOLE SHEA, and
SGT. R. KREYER,

Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Plaintiff Reginald Upshaw brings this action pursuant to 42 U.S.C. § 1983, contending that various individuals involved in an investigation of state criminal charges against him gave perjured testimony before the grand jury and concealed evidence. Plaintiff is currently incarcerated and awaiting trial on a charge of first degree murder.

In a Report and Recommendation filed July 11, 2000, United States Magistrate Judge Susan R. Nelson recommended dismissing plaintiff's suit without prejudice under the principles of *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), in which the Supreme Court held that a prisoner cannot recover damages under § 1983 for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, and *Smith v.*

FILED DEC 14 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. DEC 14 2000
DEPUTY CLERK

*Holtz*, 87 F.3d 108, 113 (3d Cir. 1996), in which the Third Circuit extended *Heck* to bar claims by prisoners awaiting trial. The Magistrate Judge observed that plaintiff may re-file this case in the event that his pending criminal case is terminated without a surviving conviction.

In his objections to the Report and Recommendation, plaintiff indicated that one of the charges against him had been dismissed. Because it was not entirely clear to the Court whether plaintiff still faced criminal charges as a result of the investigation and grand jury proceeding he is challenging in this action, the Court granted plaintiff ten days in which to clarify this issue. The Court indicated that if plaintiff's still-pending criminal charges arise out of or are related to the challenged investigation and grand jury proceeding, it would agree with the Magistrate Judge that *Heck* and *Smith* bar his claim. Plaintiff subsequently filed a letter with the Court indicating that, as a result of the grand jury proceeding, he was charged with first degree murder and first degree murder while committing burglary. The felony murder charge was later dismissed, but petitioner remains charged with first degree murder. Accordingly, because plaintiff continues to face criminal charges arising out of the investigation and grand jury proceedings he is seeking to challenge, he may not bring this § 1983 claim until such time as his criminal charges are terminated without a surviving conviction.

The Court appreciates plaintiff's sentiment that his case is not for personal gain, but rather is an attempt to rectify what he views as grave misconduct in his criminal case. Nevertheless, as explained in the Magistrate Judge's Report and Recommendation, the Court is without power to entertain this suit. In addition, the Court notes that plaintiff has

appeared to request that the Court waive the filing fee. Under 28 U.S.C. § 1915(b), the Court cannot waive the filing fee.

**ORDER**

Accordingly, based upon all of the files, records, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 4] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 3]. **IT IS HEREBY ORDERED** that:

1. Plaintiff's complaint [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE**;

2. Plaintiff's "Application to Proceed Without Prepayment of Fees" [Docket No. 2] is **DENIED**;

3. Plaintiff is required to pay the unpaid balance of the Court filing fee in accordance with 28 U.S.C. § 1915(b)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 14, 2000
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

00-1590JRT/SRN

**DATE MAILED TO COUNSEL/PRO SE PARTIES:** December 14, 2000

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd